UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - Detroit

IN RE:

**Anthony Scott Walters**

S.S.# __xxx-xx-6922__
    **Debtor**

and

**Carly Diane Walters**

S.S.# __xxx-xx-7254__
    **Joint-Debtor**
        Debtor(s)
_____/

CASE NO. **17-48035-mbm**
CHAPTER 13
JUDGE **Marci B. McIvor**

**PLAN SUMMARY**

*For informational purposes only.*

ACP: __36__ Months
Minimum Plan Length: __36__ Months
Plan payment: $ __66.24__ per Week
Minimum dividend to Class 9 Creditors $ __0.00__
Percentage of Tax Refunds committed __100% in excess of 12 times pro-ration on Schedule I__

**CHAPTER 13 PLAN**

[ **X** ] Original      *OR*      [ ] Pre-Confirmation Modification #      [ ] Post-Confirmation Modification #

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY**.

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

    A.      **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

             **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

    B.      This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are <u>void</u>):
             **III.B.1; IV.B.; V.D.; V.F.; V.H.; V.U.; V.X.; and V.BB.**

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**
    A.      ☐ Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

☑ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be **36** months from the date of entry of the Order Confirming Plan. **This is a minimum Plan length**. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

B.  Debtor's plan payment amount is $**66.24** per Week.

C.  Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

---

D.  ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed **AND** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

**III. DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

A. **Class One – TRUSTEE FEES** as determined by statute.

B. **Class Two** – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:

1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to:
a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **1,500.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **1,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **1,500.00**, to be paid through Debtor's Legal Services Plan, directly to Debtor's Attorney as an administrative expense of this case with no payment to be made by the Chapter 13 Trustee.

2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of (name of person to be retained) as (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral |
|---|---|
| -NONE- | |

D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

1. **Continuing Payments that come due on and after the date of the Order for Relief** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| Quicken Loans | 18431 Marquette St. Roseville, MI 48066 Macomb County | 529.93 | Direct by Debtor as payments are current |

2. **Pre-Petition Arrearages to be paid by Trustee:** Those amounts which were due as of the filing of the Order for Relief:

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):*

1. **Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):**

| Creditor/Collateral | Indicate if Crammed modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Ally Financial/2013 Dodge Dart 35000 miles | Crammed | 8,200.00 | 5.00% | 8,847.36 | 245.76 | Trustee |

2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):**

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| -NONE-/ | | | | | | |

F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7): – Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1.** *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. **Continuing Lease/Contract Payments:**

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| -NONE- | | | | |

2. **Pre-petition Arrearages on Assumed Executory Contracts and Leases** *(to be paid by Trustee):*

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

3. **Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. (See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):**

| Creditor | Property |
|---|---|
| -NONE- | |

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. **Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:**

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

2. **Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:**

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| -NONE- | | | |

### 3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

**H. CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee): (See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

**I. CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee):* – *See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

☑ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

## IV. OTHER PROVISIONS:

A. ☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of **0.00%** per annum as required by 11 USC ⌐1325(a)(4).

B. **The Paragraphs below (as listed in Section I. B) from Section V. of the Chapter 13 Model Plan – version 3.0 are hereby changed, altered, replaced or deleted, with the correct reading of each of these provisions as follows**:

Section V. D.: POST-CONFIRMATION ATTORNEY FEES & COSTS BY SEPARATE APPLICATION: Counsel reserves the right to file Applications for compensation for services rendered subsequent to the Confirmation of this Plan.

V.F.; ORDER OF PAYMENT OF CLAIMS: All claims for which this Plan proposes payment through the Trustee shall be paid in the following order to the extent that funds are available:
Level 1: Class 1
Level 2: Class 5.1
Level 3: Classes 2.1 and 2.3
Level 4: Classes 2.2 and 2.4
Level 5: Classes 4.1 and 6.1
Level 6: Classes 4.2, 5.2 and 6.2
Level 7: Class 7
Level 8: Classes 3, 8 and 9.

Each level shall be paid as provided in this Plan before any disbursements are made to any subordinate class. If there are not sufficient funds to pay all claims within a level, then the claims in that level shall be paid pro rata.

Section V. H.: CLASS 5.1 AND CLASS 6.1 CREDITORS SPECIFIED TO RECEIVE EQUAL MONTHLY PAYMENTS: Creditors identified in Class 5.1 or 6.1 will receive Equal Monthly Payments to the extent funds are available at the date of each disbursement. If more than one creditor is scheduled in Class 5.1 and 6.1 and the funds

available in any disbursement are insufficient to pay the full Equal Monthly Payments to all of the listed creditors, payments shall be made on a *pro rata* basis determined by the ratio of the Equal Monthly Payment specified to each creditor to the total amount of Equal Monthly Payments to all creditors in Class 5.1 and Class 6.1. The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1 or Class 6.1 as may be applicable.

The monthly post-confirmation disbursement to any creditor designated in Class 5.1 or Class 6.1 will not exceed the Equal Monthly Payment amount for that creditor for the month in which disbursement is being made plus any previously unpaid Equal Monthly Payments accruing before the date of disbursement.

Section V. U.: <u>DEBTOR DUTY TO MAINTAIN INSURANCE</u>: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

Section V. X.: <u>DEADLINES IN EVENT OF CONVERSION</u>: In the event of conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code, the rights of the Chapter 7 Trustee and all creditors (including but not limited to the right to object to discharge pursuant to 11 U.S.C. Section 727 and/or dischargeability pursuant to 11 USC Section 523) will be determined as if the Petition was filed on the date of conversion. The date of the Order converting this case to one under Chapter 7 will be treated as the date of the Order For Relief and all applicable deadlines shall be determined as if the post-conversion Meeting of Creditors pursuant to 11 U.S.C. Section 341 was the initial Meeting of Creditors. However, deadlines to object to exemptions in a case converted to Chapter 7 shall be governed by the requirements of Fed BK Rule 1019.

Section V. BB.: <u>SPECIAL PROVISIONS APPLICABLE TO GOVERNMENTAL UNITS RESPONSIBLE FOR ENFORCING DOMESTIC SUPPORT OBLIGATIONS</u>: Notwithstanding the provisions of 11 U.S.C. Sections 362, and 1327, the Automatic Stay is modified to permit any governmental unit or agency responsible for enforcing a domestic support obligation to send notices and to collect domestic support obligations from property that is not property of the estate.

| /s/ James P. Frego | /s/ Anthony Scott Walters |
|---|---|
| **James P. Frego P55727** | **Anthony Scott Walters** |
| Attorney for Debtor | Debtor |
| **23843 Joy Road** | |
| **Dearborn Heights, MI 48127** | /s/ Carly Diane Walters |
| Street Address | **Carly Diane Walters** |
| **Dearborn Heights, MI 48127-0000** | Joint Debtor |
| City, State and Zip Code | |
| fregolaw@aol.com | **June 7, 2017** |
| E-Mail Address | Date |
| **(313) 724-5088** | |
| Phone Number | |

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 65,552.00 | 59,486.00 | 6,066.00 | 6,066.00 | 0.00 |
| **REAL ESTATE OTHER THAN PERSONAL RESIDENCE** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 3,775.00 | 0.00 | 3,775.00 | 3,775.00 | 0.00 |
| **JEWELRY** | 100.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 101.00 | 0.00 | 101.00 | 101.00 | 0.00 |
| **VEHICLE - 2013 DODGE DART** | 8,200.00 | 16,574.00 | 0.00 | 0.00 | 0.00 |
| **VEHICLE- 2001 BMW X5** | 3,000.00 | 0.00 | 3,000.00 | 3,000.00 | 0.00 |
| **VEHICLE - 1990 CHRISCRAFT 20FT 7IN** | 5,000 | 0.00 | 5,000.00 | 5,000.00 | 0.00 |
| **State, Fed: Estimated 2017 Income Tax Refund -accrued thru filing** | 2,100.00 | 0.00 | 2,100.00 | 2,100.00 | 0.00 |

Amount available upon liquidation $ 0.00

Less administrative expenses and costs $ 0.00

Less priority claims $ 0.00

Amount Available in Chapter 7 $ 0.00

**ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is __**36**__ months

2. Initial Plan Payment:
   $**287.02** per month x **36** months = $**10,332.72** (subtotal)

3. Additional Payments: $_____ per=

4. Lump Sums: $**0.00**

5. Total to be paid into Plan (total of lines 2 through 4) $**10,332.72**

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees — $**1,033.20**

   b. Estimated Attorney Fees and costs through confirmation of plan — $**0.00**

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan — $**300.00**

   d. Estimated Fees of Other Professionals — $**0.00**

   e. Total mortgage and other continuing secured debt payments — $**0.00**

   f. Total non-continuing secured debt payments (including interest) — $**8,847.36**

   g. Total priority claims — $**0.00**

   h. Total arrearage claims — $**0.00**

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) — $ **10,180.56**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7) — $ **152.16**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6) — $ **0.00**

COMMENTS:

Chapter 13 Model Plan - version 3.0

8

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy
17-48035-mbm    Doc 14    Filed 06/07/17    Entered 06/07/17 13:49:22    Page 8 of 13

<div style="text-align: center; border: 1px solid black; padding: 10px;">
**V. ADDITIONAL TERMS, CONDITIONS AND PROVISIONS**

**THE FOLLOWING PROVISIONS ARE APPLICABLE TO ALL CHAPTER 13 CASES FILED IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN FILED ON OR AFTER JANUARY 1, 2013**
</div>

A. **DEBTOR'S OBLIGATION TO REMIT TAX REFUNDS:** Debtor shall not alter any withholding deductions/exemptions without Court approval. If the Internal Revenue Service or any State taxing authority remits to the Trustee any sum which the Debtor is not required to remit pursuant to this Plan, then upon written request of the Debtor and concurrence of the Trustee, the Trustee shall be authorized to refund those sums to the Debtor from funds first available without further motion, notice or Order of Court. The Trustee shall not be required to recoup or recover funds disbursed to creditors prior to receipt of the Debtor's written request.

If Debtor is married and Debtor's spouse is not a joint-debtor in this case, Debtor's Tax Refund(s) for any calendar year shall be 50% of the aggregate net Tax Refunds received by Debtor and Debtor's Non-filing spouse, regardless of whether Debtor and spouse file a joint tax return or file separate tax returns.

B. **ALLOWANCE AND PAYMENT OF PRE-CONFIRMATION ATTORNEY FEES:** If Class 2.1 of the Plan indicates that Counsel intends to file a Separate Application for compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330, the Trustee shall withhold the amount designated in Class 2.1 from funds remaining after payment of claims required to be paid prior to attorney fees pending further Order of Court.

C. **RETENTION AND COMPENSATION OF OTHER PROFESSIONALS FOR POST-PETITION PRE-CONFIRMATION SERVICES**: If Class 2.3 indicates that Debtor has retained or intends to retain the services of any Professional (as that term is defined in 11 USC §327) to perform professional services after the commencement of this case, Debtor will file a timely Application to Employ Professional Person stating the identity of the person to be retained and the capacity or purpose for retention, accompanied by a Certification of Disinterestedness signed by the Professional and obtain Court permission to retain the Professional. The Professional may seek compensation in an amount not to exceed $400.00 by filing a Proof of Claim designated as an Administrative Expense without further notice, hearing or Order of Court. If the Professional seeks compensation in excess of $400.00, the Professional shall file an Application for Compensation for services rendered pursuant to 11 USC §327.

D. **POST-CONFIRMATION ATTORNEY FEES & COSTS BY SEPARATE APPLICATION:** Counsel reserves the right to file Applications for compensation for services rendered subsequent to the Confirmation of this Plan. Upon entry of an Order Awarding Post- Confirmation Attorney Fees, if Debtor's Plan will not complete within 60 months of the date of the Order Confirming Plan, all unpaid Attorney fees and costs shall be paid by the Trustee only after a plan modification that allows Debtor's Plan to complete within 60 months from the date of the Order Confirming Plan is approved with notice as is appropriate to parties in interest.

E. **PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS:** Administrative Expense Claims as defined in 11 USC §503, other than those claims provided for in Paragraphs B, C and D of these Additional Terms, Conditions and Provisions, will be deemed allowed and will be paid only upon entry of a specific Order of this Court determining the allowance and amount of that claim.

F. **ORDER OF PAYMENT OF CLAIMS:** All claims for which this Plan proposes payment through the Trustee shall be paid in the following order to the extent that funds are available:

    Level 1: Class 1
    Level 2: Class 5.1 and 6.1
    Level 3: Class 2.1 and 2.3
    Level 4: Class 2.2 and 2.4
    Level 5: Classes 4.1
    Level 6: Classes 4.2, 5.2 and 6.2
    Level 7: Class 7
    Level 8: Classes 3, 8 and 9.

Each level shall be paid as provided in this Plan before any disbursements are made to any subordinate class. If there are not sufficient funds to pay all claims within a level, then the claims in that level shall be paid *pro rata*.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

G. **SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED:** Claims for which the creditor Chapter 13 Model Plan – version 3.0 10 holds a mortgage or security interest but where the Bankruptcy Court has entered a Final Judgment or Order declaring that upon completion of this Plan the secured claim will be "stripped" from the Property. These claims will be paid as a General Unsecured Creditor as provided in Class 9 of the Plan.

H. **CLASS 5.1 AND CLASS 6.1 CREDITORS SPECIFIED TO RECEIVE EQUAL MONTHLY PAYMENTS:** Creditors identified in Class 5.1 or Class 6.1 will receive Equal Monthly Payments to the extent funds are available at the date of each disbursement. If more than one creditor is scheduled in Class 5.1 and Class 6.1 and the funds available in any disbursement are insufficient to pay the full Equal Monthly Payments to all of the listed creditors, payments shall be made on a pro rata basis determined by the ratio of the Equal Monthly Payment specified to each creditor to the total amount of Equal Monthly Payments to all creditors scheduled in Class 5.1 and Class 6.1. The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1 or Class 6.1 as may be applicable; provided that if any creditor identified in Class 5.1 or Class 6.1 files a Proof of Claim that specifies a monthly payment amount at variance with the Equal Monthly Payment amount set forth in the Plan, the amount of the monthly payment specified in the Proof of Claim shall control and shall become the Equal Monthly Payment for that creditor.

The monthly post-confirmation disbursement to any creditor designated in Class 5.1 or Class 6.1 will not exceed the Equal Monthly Payment amount for that creditor for the month in which disbursement is being made plus any previously unpaid Equal Monthly Payments accruing before the date of disbursement.

I. **APPLICATION OF DISBURSEMENTS BY CREDITORS**: Creditors shall apply all disbursements under the Plan only in the manner consistent with the terms of the Plan and to the account(s) or obligation(s) as designated on the voucher or check provided to the Creditor with each disbursement.

J. **COMPLETION OF PLAN:** For purposes of 11 USC §1328, the Debtor shall be deemed to have completed all payments under the Plan:
1. Upon the expiration of the Plan Length as defined in Paragraph II.A of the Plan commencing on the date of entry of the Order Confirming Plan; *and*
2. Debtor has remitted all Plan payments (as defined in Paragraph II.A and II.B of the Plan) coming due after the date of entry of the Order Confirming Plan; *and*
3. Debtor has remitted all Federal Income Tax Refunds as required by Paragraph II.C of the Plan and Paragraph A of these Additional Terms, Conditions and Provisions; *and*
4. Debtor has remitted a sum sufficient to pay all allowed claims as amended and/or supplemented as provided in the Plan.

K. **EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES:**
1. Any executory contract or unexpired lease not expressly assumed in Class 6.1 or in the Order Confirming Plan shall be deemed rejected effective as of the Effective Date of this Plan.

2. Upon rejection of any Executory Contract or Unexpired Lease, the property and debtor's interest in the rejected executory contract or unexpired lease will no longer be property of the estate and the stay under 11 USC §362(a) and the co-debtor stay under 11 USC §1301 shall automatically terminate as to such property. Any claims arising from the rejection of an executory contract or unexpired lease shall be treated as a general unsecured claim in Class Nine, subject to further Order of Court.

3. For all assumed executory contracts and unexpired leases, confirmation of this Plan shall constitute a finding that this Plan complies with all requirements for assumption of the executory contracts and unexpired leases being assumed, including all requirements set forth in 11 USC §365(b).

4. Upon the termination of the Lease (whether as a result of the expiration of the contractual lease term, repossession of the property which is the subject of the Lease, or otherwise), the Lessor shall have the right to file a Supplemental Claim for any damages or charges permitted under or pursuant to the Lease.

5. If Class 6.1 provides for the Continuing Lease/Contract Payments to be made by the Trustee, the Supplemental Claim as filed and allowed shall be paid by the Trustee over the remaining term of the Plan.

6. If Class 6.1 provides for the Continuing Lease Payments to be made directly by the Debtor to the Lessor, the Supplemental Claim as filed and allowed shall be paid directly by the Debtor to the Creditor over the remaining term of the Plan. If there is a balance outstanding on the Supplemental Claim as of the completion of Debtor's confirmed Chapter 13 Plan, this

balance shall not prevent or preclude the entry of a discharge in this case; instead, this balance shall be deemed non-dischargeable and Debtor shall be responsible for payment of the remaining balance of the Supplemental Claim following the entry of a Discharge.

L. **SECURED CLAIMS – POST-PETITION FEES, COSTS AND CHARGES:**
   1. Any Supplement to Claim that is filed with the Court as to which there is no objection filed or as to which any objection has been overruled, shall be deemed allowed.

   2. If Class 4.1, 5.1 or 5.2 provides for the Creditor's Secured Claim to be paid by the Trustee, the Supplement to Claim as filed and allowed shall be paid by the Trustee over the remaining term of the Plan.

   3. If Class 4.1, 5.1 or 5.2 provides for the Creditor's Secured Claim to be paid directly by the Debtor to the Creditor, the Supplement to Claim as filed and allowed shall be paid directly by the Debtor to the Creditor before completion of the Plan. If there is a balance outstanding on the Supplement to Claim as of the completion of Debtor's confirmed Chapter 13 Plan, this balance shall not prevent or preclude the entry of a discharge in this case; instead, any unpaid balance shall be nondischargeable.

M. **SEPARATELY CLASSIFIED UNSECURED CLAIMS:** Claims classified as "Separately Classified Unsecured Claims" are unsecured claims that qualify for discriminatory and preferred treatment pursuant to 11 USC §1322(b)(1). The basis for separate classification is specified in Paragraph III.H of the Plan. Each Separately Classified Unsecured Claims shall receive payments that total 100% of the allowed amount of the claim plus interest if specified in Class Eight of the Plan. *See also Paragraph F of the Additional Terms, Conditions and Provisions for additional information concerning the timing of payments to be made on these claims.*

N. **GENERAL UNSECURED CREDITORS:** Unless Class 9 of the Plan provides a dividend to holders of General Unsecured Claims equal to 100% of allowed claims, the Plan shall produce a total sum for distribution to General Unsecured Creditors (the "Unsecured Base Amount"). The Unsecured Base Amount shall be not less than the aggregate amount which creditors in this class would have received had the estate of the debtor been liquidated under Chapter 7 of Title 11, United States Code. *See* 11 U.S.C. §1325(a)(4). Each holder of a duly filed and allowed General Unsecured Claim shall receive the holder's Pro Rata share of the Unsecured Base Amount, based on the Creditor's Claim as a fraction of the total General Unsecured Claims duly filed and allowed. The Pro Rata dividend for each holder of an allowed unsecured claim will be calculated by the Trustee upon review of allowed claims.

   This Plan shall provide either the total Unsecured Base Amount or shall continue for the Plan Length as stated in Paragraph II.A of the Plan, whichever will offer the greater dividend to general unsecured creditors.

O. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION:** Upon the Effective Date of the Plan, all property of the estate shall vest in the debtor and shall cease to be property of the estate. The debtor shall remain in possession of all property during the pendency of this case unless specifically provided herein, and shall not seek to sell, transfer or otherwise dispose of such property (except in the ordinary course of debtor's business) without prior Court approval.

P. **SURRENDER OF COLLATERAL:** Those claims that are treated pursuant to 11 USC §1325(a)(5)(C) (surrender of collateral) are so designated in this Plan. Upon confirmation, the Automatic Stay and Co-Debtor Stay is lifted as to the collateral and any creditor to whom the property is surrendered and the collateral shall no longer constitute property of the estate. No disbursements shall be made by the Trustee to any creditor whose claim is secured by the collateral being surrendered unless the holder of such claim files a Proof of Claim (or Amended Proof of Claim) after the Effective Date of the Plan setting forth the amount of any deficiency remaining after disposition of the collateral. Any allowed deficiency claim shall be paid as a general unsecured claim in Class 9 of the Plan. *See Federal Rule of Bankruptcy Procedure 3002.1.*

Q. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT:** While this case is pending, the debtor shall not incur a debt in excess of $2,000.00 without first obtaining approval of either this Court or of the Chapter 13 Trustee. If the Chapter 13 Trustee stipulates to entry of an Order allowing Debtor to incur post-petition Debt, Debtor shall be permitted to file the stipulation signed by the Trustee and to submit an Order to the Court on an *ex parte* basis without notice to Creditors or other parties in interest.

R. **UNSCHEDULED CLAIMS:** If an unscheduled proof of claim is filed, the Trustee is authorized to exercise sole discretion to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class,

without prejudice to debtor's right to object to the allowance of the claim and/or to modify the plan to provide a different treatment.

S. **PROOFS OF CLAIM FILED AT VARIANCE WITH THE PLAN:** In the event that a proof of claim is filed and allowed that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, valuation of collateral and classification of the claim.
2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not valuation or any other contractual term.
3. If a proof of claim is filed that is at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise in the confirmed Plan; these Additional Terms, Conditions and Provisions; or by Order of Court.
4. As to claims specified in Class 3 (Secured Claims to be Stripped from the Collateral), the Proof of Claim shall control only as to the allowed amount of the claim. *See also Paragraph G of the Additional Terms, Conditions and Provisions for additional information concerning payments to be made on these claims.*

T. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of the Plan have been filed. The Internal Revenue Service and the United States Department of Treasury are prohibited from setting off against post-petition Tax Refunds for payment of pre-petition tax obligations.

U. **DEBTOR DUTY TO MAINTAIN INSURANCE – REMEDY FOR FAILURE TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the debtor fails to maintain insurance as required by law or contract, any party in interest may submit a notice of default, served on debtor, debtor's counsel and the Chapter 13 Trustee, permitting 10 days from service of the notice in which to cure the default. If the default is not cured within the time permitted, the party in interest may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with an affidavit attesting to the debtor's failure to cure, and the stay may thereafter be lifted without further motion, notice or hearing.

V. **SECURED CREDITORS, LESSORS AND PARTIES TO EXECUTORY CONTRACTS UPON ENTRY OF ORDER LIFTING AUTOMATIC STAY**: Any secured creditor and any party to an assumed executory contract or unexpired lease as to whom the automatic stay is lifted shall not receive any further disbursements until a proof of claim for the balance remaining after liquidation of the collateral is filed.

W. **PROVIDING FUTURE TAX RETURNS TO TRUSTEE:** Debtor shall timely file each Federal Income Tax Return required to be filed under applicable law during the pendency of this case, and shall provide to the Trustee a copy of each Return at the same time the Return is filed with the taxing authority.

X. **DEADLINES IN EVENT OF CONVERSION:** In the event of conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code, the rights of the Chapter 7 Trustee and all creditors (including but not limited to the right to object to exemptions and the right to object to discharge pursuant to 11 USC §727 and/or dischargeability pursuant to 11 USC §523) will be determined as if the Petition was filed on the date of conversion. The date of the Order converting this case to one under Chapter 7 will be treated as the date of the Order For Relief and all applicable deadlines shall be determined as if the post-conversion Meeting of Creditors pursuant to 11 USC §341 was the initial Meeting of Creditors.

Y. **OBJECTIONS TO PROOFS OF CLAIM:** Any party-in-interest shall have the right to object to Proofs of Claim. Confirmation of this Plan shall not constitute a waiver of any objection and shall not constitute or have any *res judicata* or collateral estoppel effect on or against any objection to Proof of Claim. If any objection to Proof of Claim is filed and sustained, in whole or in part, after the Trustee has begun making disbursements under this plan as confirmed, Trustee shall have no obligation or duty to recoup any payments or disbursements made to the creditor whose Proof of Claim was the subject of the objection.

Z. **CREDITOR'S AUTHORIZATION TO CONTACT DEBTOR:** Notwithstanding the provisions of the Automatic Stay and Co-Debtor Stay, creditors holding claims in Classes 4 and 5 for which the Debtor proposes to retain the collateral and parties to any assumed unexpired lease or executory contract in Class 6 may contact Debtor for purposes of sending periodic statements and annual or periodic summaries of accounts including but not limited to account reconciliations pursuant to the Real Estate Settlement Procedures Act.

AA. **IDENTITY OF DISBURSING AGENT:** All claims in all classes of creditors shall be paid by the Trustee as Disbursing Agent except those claims which are specified to be paid directly by either the Debtor or a third party, in which event the Debtor or third party making those payments shall be the Disbursing Agent for those claims.

BB. **SPECIAL PROVISIONS APPLICABLE TO GOVERNMENTAL UNITS RESPONSIBLE FOR ENFORCING DOMESTIC SUPPORT OBLIGTATIONS:** Notwithstanding the provisions of 11 U.S.C. §362 and §1327, the Automatic Stay is modified to permit any governmental unit or agency responsible for enforcing a domestic support obligation to send notices, to take other actions to the extent not inconsistent with the terms of the Plan, and to collect domestic support obligations from property that is not property of the estate.

CC. **PRE- AND POST-PETITION LITIGATION AND CAUSES OF ACTION:** Debtor and the Chapter 13 Trustee shall have concurrent standing to prosecute all Pre- and Post-Petition causes of action, including but not limited to actions arising under Title 11, United States Code. Any compromise or settlement of any litigation or cause of action shall be subject to the provisions of Federal Rule of Bankruptcy Procedure 9019. Any proceeds or damages recovered by or on behalf of the Debtor shall be retained pending Order of the Bankruptcy Court.

DD. **SUBSTANTIVE CONSOLIDATION OF JOINTLY FILED CASES:** If this case has been filed jointly by a husband and wife pursuant to 11 USC §302, entry of an Order Confirming Plan shall also constitute an Order for Substantive Consolidation of the debtors.

EE. **NON-APPLICABILITY OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1:** The requirements and provisions of Federal Rule of Bankruptcy Procedure 3002.1 shall not apply to any property that the Plan as confirmed surrenders to the Creditor as provided in 11 USC §1325(a)(5)(C); or to any property as to which the Automatic Stay is lifted for purposes of allowing the secured creditor to exercise rights and remedies pursuant to applicable State Law, regardless of whether the Order Lifting Automatic Stay is entered before or after entry of an Order Confirming the Plan.

FF. **TIME TO CURE PARAMOUNT:** For any class of claims where the Months to Cure From Confirmation Date may be specified, if the Plan does not specify the number of months to cure, the Months to Cure From Confirmation Date shall be the Plan Length specified in Paragraph II.A of the Plan. For any class of claims or creditors for which the Plan specifies an Estimated Average Monthly Payment that is inconsistent with or contradicts the Months to Cure From Confirmation Date, the Months to Cure From Confirmation Date shall control. The Chapter 13 Trustee is authorized to make any changes to the amount of disbursements to the creditor to implement this provision.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy